Hattie McGLOWN, as guardian of
Daniel McGlown, Plaintiff,

v.

CITY OF BIRMINGHAM,
et al., Defendants.

Civil Action No. 10–AR–2326–S.

United States District Court,
N.D. Alabama,
Southern Division.

June 5, 2012.

Camille L. Edwards, Peter H. Burke, Burke Harvey & Frankowski LLC, H. Arthur Edge, III, H. Arthur Edge III PC, Birmingham, AL, for Plaintiff.

Rozalind Terese Simon, Michael M. Fliegel, City of Birmingham Department of Law, Birmingham, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

WILLIAM M. ACKER, JR., District Judge.

The court has before it the motion to strike filed by defendants, City of Birmingham, Chief of Police A.C. Roper, and Officer Anthony Calloway (collectively, "City"), with their reply brief in support of summary judgment. Doc. 44. For the reasons that follow, the motion will be granted.[1]

### PERTINENT FACTS

Plaintiff, Hattie McGlown ("H. McGlown"), as guardian of her brother, Daniel McGlown ("D. McGlown"), brought this action pursuant to 42 U.S.C. § 1983,

---

1. City's motion for summary judgment, doc. 40, will be addressed by separate memorandum opinion and order.

alleging that City violated D. McGlown's constitutional right to be free of excessive force during an incident wherein Officer Anthony Calloway ("Calloway") used mace to subdue D. McGlown during an arrest. City deposed H. McGlown on July 14, 2011. D. McGlown has never been deposed. What he would or could say is unknown. H. McGlown testified that the only individuals who were witnesses to the incident were "Sarge, Sears, and Manin." H. McGlown depo. at 67–70. When questioned by counsel for City as to who "Sarge" is, H. McGlown testified that she did not know his full name or his address. *Id,* at 67–68. However, both H. McGlown and her counsel promised to obtain Sarge's full name and address and to provide them to counsel for City. *Id.* at 68. On August 31, 2011, H. McGlown answered City's first set of interrogatories. In response to interrogatory number 3 requesting the name and address of each witness to the incident that gave rise to this lawsuit, H. McGlown responded as follows: "Please see Hattie McGlown's deposition testimony. Plaintiff reserves the right to supplement this response upon receipt of additional information." H. McGlown never attempted to supplement her answers, and neither "Sears" nor "Manin" was ever mentioned again. What efforts, if any, were made by H. McGlown or her counsel to obtain the name and address of Sarge before May 9, 2012, does not appear.

City filed its motion for summary judgment on April 18, 2012, the deadline for it to do so under the court's scheduling order, which had not been amended, nor had any request for extension been sought. McGlown responded in opposition on May 10, 2012, attaching the affidavit of one "Casey 'Sarge' Clark" to her response. See Doc. 43, at Exhibit 8. The affidavit is dated May 9, 2012. H. McGlown never supplemented her discovery response or in any other way provided the complete name and address of Casey "Sarge" Clark (hereinafter, "Clark") to City, until his affidavit suddenly appeared as a purported exhibit to H. McGlown's response in opposition to summary judgment.

With its reply brief, City asks the court to strike the Clark affidavit and to disallow any argument associated with the affidavit because H. McGlown never disclosed Clark as a witness. H. McGlown has failed to respond to City's motion to strike.

## ANALYSIS

The purported "right" to supplement a discovery response with additional information stems from Rule 26(e), Fed. R.Civ.P. That rule provides that a party who has responded to an interrogatory, request for production, or request for admission **must timely** supplement or correct its disclosure or response:

in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ...

Fed.R.Civ.P. 26(e)(1)(A) (emphasis added). Under Rule 26(c)(1), Fed.R.Civ.P., a party who fails to disclose or provide information or identify a witness as required by Rule 26(e) is not allowed to use the witness's information or the witness to supply evidence to support or oppose a motion, unless the failure was substantially justified or is harmless. The purpose of this rule of preclusion is to:

provide parties with an incentive to timely disclose all material evidence in support of their positions that they intend to use at any point during the court of the litigation, thus attacking the temptation some parties *might feel* to try to gain a tactical advantage at trial by exposing for the first time at that

 

stage evidence that is favorable to their position.

1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.60[1] (3d ed.1997).

Because H. McGlown never provided City with Clark's contact information, City was not able to depose Clark prior to the close of discovery and before the dispositive motion deadline. H. McGlown's reserved "right" to supplement her discovery response did not extend past the deadline for filing dispositive motions, which in this case was April 18, 2012. H. McGlown did not ask for an extension of the dispositive motion deadline; and did not request at any point to attach or interpose an affidavit from a witness that had not been disclosed. Clark's affidavit is dated May 9, 2012, long after City filed its motion for summary judgment.

The court finds no substantial justification for H. McGlown's failure to disclose Clark as a witness during the discovery period. Obviously, if his testimony were allowed it might be crucial to deciding the summary judgment motion, if not the case. The failure to disclose Clark as a witness is not harmless. The only witnesses in this record who allegedly were present at the scene of the incident are Calloway and Clark, through his eleventh-hour affidavit. City did not depose D. McGlown, who has been adjudicated incompetent. Clark's belated affidavit directly contradicts Calloway's testimony. Clark states that D. McGlown did nothing to provoke Calloway, but that Calloway grabbed D. McGlown and threw him to the floor. Clark affidavit at ¶¶ 7–10. To the contrary, Calloway testified that D. McGlown shoved him or "snatched away" from him, provoking him to use mace. Calloway depo. at 35, 39; Calloway recorded statement at 4. In her opposition brief, H. McGlown argues that Clark's testimony "clearly shows that the force used [by Calloway] was excessive and unreasonable." Doc. 43 at 14. Be-cause H. McGlown failed timely to disclose any substantive information about Clark during the discovery period, she is precluded from using his affidavit to supply evidence in opposition to City's motion for summary judgment.

### CONCLUSION

For the foregoing reasons, City's motion to strike included within its reply brief, doc. 44, is **GRANTED**. Clark's affidavit is hereby **STRICKEN** from the record.